**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| C. MICHAEL KAMPS | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-cv-581-B |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| SETERUS, INC., AND | § | |
| FEDERAL NATIONAL | § | |
| MORTGAGE ASSOCIATION, | § | |
|     Defendants. | § | |

## DEFENDANT SETERUS, INC.'S ANSWER

Defendant Seterus, Inc. ("Defendant"), files this its Answer to Plaintiff C. Michael Kamp's Original Complaint for Declaratory Judgment (the "Complaint"), and shows:

## I. ANSWER

1. Defendant admits the statements contained in Paragraph 1 of the Complaint.

2. Defendant admits the statements contained in Paragraph 2 of the Complaint.

3. With respect to Paragraph 3 of the Complaint, Defendant denies that Defendant has its principal place of business in Armonk, New York. Defendant admits the remaining allegations in this paragraph.

4. Defendant denies the statements contained in Paragraph 4 of the Complaint.

5. Defendant admits the statements contained in Paragraph 5 of the Complaint.

6. Defendant admits the statements contained in Paragraph 6 of the Complaint.

7. In response to Paragraph 7 of the Complaint, Defendant is without sufficient information to admit or deny the allegation regarding Plaintiff's homestead. Defendant admits the remaining allegations in this paragraph.

8. In response to Paragraph 8 of the Complaint, Defendant admits that Bank of America, N.A ("Bank of America"), previously acted as the servicer for the subject home equity loan. Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.

9. Defendant is without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint. The terms of the referenced modification agreement speak for themselves. To the extent a further response is required, Defendant denies the allegations in this paragraph.

10. In response to Paragraph 10 of the Complaint, the terms of the referenced modification agreement speak for themselves. Defendant is without sufficient information to admit or deny the allegations regarding Bank of America's supposed intent. To the extent a further response is required, Defendant denies the allegations in this paragraph.

11. In response to Paragraph 11 of the Complaint, the terms of the referenced modification agreement speak for themselves. To the extent that a further response is required, Defendant denies the allegations in this paragraph.

12. With respect to Paragraph 12 of the Complaint, Defendant denies that the tax assessed value of a property equates to fair market value.  Defendant denies that any limits on the size of home equity loans applied to the alleged loan modification agreement.

13. With respect to Paragraph 13 of the Complaint, Defendant does not have sufficient information to admit or deny these allegations but states in response that the documents referenced speak for themselves.

14. With respect to Paragraph 14 of the Complaint, Defendant denies that any requirements for the origination of home equity loans applied to the alleged loan modification agreement.  To

the extent that a further response is required, Defendant is without sufficient information to admit or deny the allegations in this paragraph.

15. With respect to Paragraph 15 of the Complaint, Defendant denies that any requirements for the origination of home equity loans applied to the alleged loan modification agreement. To the extent that a further response is required, Defendant is without sufficient information to admit or deny the allegations in this paragraph.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant admits that the subject loan was transferred to Fannie Mae, but denies the remaining allegations in Paragraph 17 of the Complaint.

18. With respect to Paragraph 18 of the Complaint, Defendant admits that a notice of violation letter was sent to it. Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.

19. With respect to Paragraph 19 of the Complaint, Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph. Further, the court records that are referenced in this paragraph speak for themselves.

20. In response to Paragraph 20 of the Complaint, Defendant incorporates by reference the foregoing paragraphs.

21. Paragraph 21 of the Complaint contains a statement of law that need not be responded to. To the extent that a response is required, Defendant denies the allegations in this paragraph

22. Paragraph 22 of the Complaint contains a statement of law that need not be responded to. To the extent that a response is required, Defendant can neither admit nor deny the allegations in this paragraph as they are vague. To the extent that a further response is required, Defendant denies the allegations in this paragraph.

23. Paragraph 23 of the Complaint contains a statement of law that need not be responded to. To the extent that a response is required, Defendant denies the allegations in this paragraph

24. Paragraph 24 of the Complaint contains a statement of law that need not be responded to. To the extent that a response is required, Defendant denies the allegations in this paragraph

25. In response to Paragraph 25 of the Complaint, Defendant denies that Plaintiff is entitled to the relief identified.

26. In response to Paragraph 26 of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested in their Prayer.

## II.  AFFIRMATIVE DEFENSES

In addition, Defendant pleads the following affirmative defenses:

1. Defendant has no ownership interest in the subject note or security instrument and therefore is not a proper party to this case.

2. Plaintiff has failed to state a claim upon which relief can be granted.

## III.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing on his claims against it, that Defendant recover its costs of court, and that it receive any other legal or equitable relief to which it may be entitled.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
     **MARK D. CRONENWETT**
     Attorney in Charge
     Texas Bar No. 00787303
     mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT SETERUS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 21st day of March, 2014, a true and correct copy of the foregoing document was delivered via ECF notification to the following counsel of record:

J. Patrick Sutton
The Law Office of J. Patrick Sutton
1706 W. 10th Street
Austin, TX 78703
512/417-5903
Fax: 512/355-4155

James C. Walk
Keitha M. Wright
Walter A. Herring
Bryan Cave LLP
2200 Ross Avenue
Suite 3300
Dallas, TX 75201
214/721-8000
Fax: 214/721-8100

          */s/ Mark D. Cronenwett*
          **MARK D. CRONENWETT**